**SO ORDERED.**

**SIGNED this 18 day of August, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

**IN RE:**

| | |
|---|---|
| **SHARON VERNELL COFIELD** | **CHAPTER 7** |
| | **CASE NUMBER 10-00007-8-RDD** |
| **Debtor** | |
| | |
| **B&W REMODELING, INC.** | **ADVERSARY PROCEEDING** |
| | **NUMBER 10-00070-8-RDD** |
| **Plaintiff** | |
| v. | |
| **SHARON VERNELL COFIELD** | |
| **Defendant** | |

### ORDER

On July 21, 2011, this Court requested that each of the parties to this adversary proceeding file a memorandum of law as to the effect of the ruling in *Stern v. Marshall*, 564 U.S.—, 131 S. Ct. 2594, 252011 WL 2472792 (June 23, 2011), on this Court's authority to render final judgment in the pending adversary proceeding.

On August 1, 2011, B & W Remodeling, Inc. (the "Plaintiff"), filed its Memorandum of Law - Application of *Stern v. Marshall*. On August 15, 2011, Sharon Vernell Cofield (the "Defendant") filed a Brief of Defendant Sharon Vernell Cofield.

The Court having considered these memoranda and conducted its own research as to the potential limitation of its jurisdiction under *Stern v. Marshall*, hereby finds that the breach of contract defense raised by the Defendant is, in fact, not a counterclaim, on which the Defendant is seeking damages. The alleged breach of contract defense is so intertwined with the Plaintiff's claim, that consideration of the facts and circumstances of the breach of contract defense is necessary to determine the outcome of this proceeding. Plaintiff's claim is to determine the amount of its claim and whether or not the claim is nondischargeable. Defendant's defense of breach of contract, is a defense to the amount claimed by Plaintiff. *Stern* stands for the proposition that if the nature of the debtor's counterclaim is such that it would necessarily have been fully resolved through the process of ruling on the creditor's proof of claim, then the Bankruptcy Court has jurisdiction to decide the counterclaim. *Id.* at 2620.

Therefore, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This Court has the statutory and constitutional authority to hear and render judgment on all issues raised in this adversary proceeding. Trial of the matter shall commence at Wilson, North Carolina on August 25, 2011 at 9:30am.

**SO ORDERED.**

**END OF DOCUMENT**